UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE ANTONIO BALDWIN,    :
    :
           Petitioner    :     CIVIL NO. 1:CV-15-2399
    vs.    :
    :     (Judge Caldwell)
WARDEN C. MAIDRANA, *et al.*,    :
    :
         Respondents    :

*M E M O R A N D U M*

I.    *Introduction*

Terrance Antonio Baldwin, an inmate at the United States Penitentiary in Canaan, Pennsylvania, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petition challenges his 2000 conviction and sentence in the United States District Court for the Western District of Michigan. Baldwin argues, in part, that his sentence was improperly enhanced under the Armed Career Criminal Act (ACCA), relying on the United States Supreme Court decision in *Johnson v. United States*, ____ U.S. ____, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which was made retroactive to cases on collateral review by *Welch v. United States*, ____ U.S. ____, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).  He also seeks appointment of counsel.  (ECF No. 3, Mot. for Counsel).

After the Government filed its response (ECF No. 13),  Baldwin filed a motion (ECF No. 14) to vacate pursuant to 28 U.S.C. § 2255, to be considered as an amendment to his 2241 petition.  He acknowledges he previously filed a 2255

motion in the sentencing court, but "because other courts have demonstrated prejudice and bias against him" he asks us to adjudicate the 2255 motion. (*Id.*, p. 3, ¶ 11(a)(6)).

For the reasons that follow, the petition and the 2255 motion must be construed as a motion under § 2255 and therefore may only be considered by the sentencing court. However, as Baldwin already filed a 2255 motion in that court, we cannot transfer this matter to the sentencing court because it would be barred as a second or successive 2255 motion. Nonetheless, given the United States Supreme Court's grant of *certiorari* in *Beckles v. United States*, ____ U.S. ____, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016), we will transfer the petition and motion to the Sixth Circuit so that they can be considered by that Court as an application to file a second or successive § 2255 motion in light of the forthcoming decision in *Beckles.* Petitioner's motion for counsel will be denied as moot.

II.    *Background and Procedural History*[1]

In August 1999, Baldwin was indicted on four federal charges, including one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count One) and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Four). (ECF No. 1, p. 21-22). In December 1999, Baldwin entered a guilty plea to counts one and four. In May 2000, he was sentenced to 188 months (fifteen years eight months) of imprisonment on

---

[1] The court takes judicial notice of the docket in Baldwin's criminal case, *United States v. Baldwin*, 1:99-cr-00127 (W.D. Mich.).

Count 1, and the mandatory minimum of eighty-four months seven years) on Count

Four.  (*Id.*, pp. 13-14).  In accordance with 18 U.S.C. § 924(c)(1)(D)(ii), the terms

were ordered to be served consecutively.  (*Id.*, p. 14).  Baldwin appealed, but the

Sixth Circuit affirmed the sentencing court.

On March 14, 2005, Baldwin filed in the sentencing court a § 2255

motion to vacate, set aside or correct sentence.  It challenged the enhancement of

his offense level for being an armed career criminal.  On April 7, 2005, the court

denied the motion as being time-barred and without merit.  Baldwin did not appeal

that decision.  *Baldwin v. United States*, 1:05-cv–190 (W.D. Mich.)(slip op.) (ECF No.

3, filed Apr. 7, 2005).

On June 28, 2010, Baldwin filed a pro se motion for modification of

sentence pursuant to 18 U.S.C. § 3582(c)(2).  On May 2, 2011, Baldwin filed a

second pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Neither motion was successful.

In his present § 2241 petition, Baldwin argues his plea and appellate

counsel rendered ineffective assistance for allowing him to be sentenced under the

ACCA.  (ECF No. 1, p. 9).  He also argues that the United States Supreme Court's

decision in *Johnson v. United States*, ____ U.S. ____, ____, 135 S.Ct. 2551, 2553,

192 L.Ed.2d 569 (2015), which struck down the residual clause of the ACCA on

vagueness grounds, 18 U.S.C. § 924(e), undermines the validity of his 2000

sentence for armed bank robbery (18 U.S.C. § 2113(a) and (d)) and brandishing a

firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)).

(*Id.*, p. 6).

-3-

III.    *Discussion*

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and must be presented to the court that imposed the sentence.  *See* 28 U.S.C. § 2255(a)(providing that a defendant "may move the court which imposed the sentence").  When challenging the validity rather than the execution of a federal sentence, a federal prisoner must do so through a § 2255 motion.  *See In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997).  The statute provides that federal prisoners like Petitioner, who have already filed a § 2255 motion, may file a "second or successive motion" provided that "a panel of the appropriate court of appeals" has certified that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h); 28 U.S.C. § 2244(3)(A).

With limited exception, § 2255 does not permit prisoners to challenge the validity of their conviction or sentence through a § 2241 habeas petition.  *See* 28 U.S.C. § 2255(e).  Where a federal prisoner improperly challenges their federal conviction or sentence under § 2241, the district court must typically dismiss the petition for lack of jurisdiction.  *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

-4-

Under highly exceptional circumstances, the "safety valve" or "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention.  28 U.S.C. § 2255(e); *Abed v. Bledsoe*, 473 F. App'x 106, 107-108 (3d Cir. 2012)(nonprecedential); *Dorsainvil*, 119 F.3d at 249-51.  For a § 2241 petition to be appropriate, the inadequacy or ineffectiveness of a § 2255 motion must be "a limitation of scope or procedure [that] would prevent a § 2255 proceeding from affording [the petitioner] a full hearing and adjudication of his wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle*, 290 F.3d at 538).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Cradle* 290 F.3d at 538-39.  A § 2255 motion is not "inadequate or ineffective" merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; he did file such a motion and was denied relief; or he cannot otherwise meet the stringent gatekeeping requirements of § 2255(h) to file a second or successive § 2255 motion.  *Troiano v. Warden Allenwood USP*, 614 F. App'x 49, 51 (3d Cir. 2015)(nonprecedential).

The Third Circuit has only applied this "safety valve" in the rare situation where an intervening change in law has decriminalized the actions underlying the prisoner's conviction.  *Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).  A § 2255 motion is inadequate "when a petitioner asserts a claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision'

. . . but is otherwise barred from challenging the legality of the conviction under §

2255." *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) (quoting *Dorsainvil*,

119 F.3d at 252).  The savings clause of § 2255, however, is confined to instances

of actual innocence of the underlying offense of conviction, not innocence of a

sentencing factor.  "Section 2241 is not available for intervening changes in the

sentencing law" as such alterations would not render the crime for which the

prisoner was convicted non-criminal.  *United States v. Kenney*, 391 F. App'x 169,

172 (3d Cir. 2010)(nonprecedential)(citing *Okereke,* 307 F.3d at 120-121).

Here Baldwin does not allege facts bringing his conviction within the

*Dorsainvil* exception.  He cannot demonstrate that his circumstances constitute the

sort of miscarriage of justice what would justify application of the safety valve

language of § 2255 rather than its gatekeeping requirements.  Section 2255 is not

"inadequate or ineffective" in this matter.

However, in light of Baldwin's attempt to bring a *Johnson*-type claim,

we find it is in the interest of justice to transfer this petition to the Sixth Circuit so it

may decide whether Baldwin may file a second or successive § 2255 motion raising

such a claim.

IV.   *Conclusion*

For the foregoing reasons, the habeas petition and 2255 motion will be

transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28

U.S.C. § 1631.  Baldwin's motion for counsel (ECF No. 2) will be dismissed as moot.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  January 26, 2017